## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **MEEHWAN RO, # 21740-016,** | * | |
| | * | |
| Petitioner, | * | |
| | * | Criminal No. RWT-09-0356 |
| v. | * | Civil No. RWT-12-3340 |
| | * | Civil No. RWT-13-0630 |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

This matter arises out of a drug and firearm possession case wherein the execution of a search warrant on Petitioner Meehwan Ro's residence resulted in charges for possession of a firearm with an obliterated serial number by a felon and possession with intent to distribute marijuana. ECF No. 38. After a six-day trial beginning on November 3, 2009, the jury returned a verdict finding Ro guilty on all three charges.[1]  ECF Nos. 55, 71. Now pending before the Court is Ro's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in which he outlines three primary arguments that he believes are proper grounds for relief: the constitutionality of the statutes under which he was convicted, the jurisdiction of this Court over his case, and ineffectiveness of counsel. ECF No. 120.

## BACKGROUND

On June 11, 2009, law enforcement executed a search warrant on Ro's home while Ro, his girlfriend, and his father were present. ECF No. 25, at 1. During the search, law enforcement officers recovered approximately 135 grams of marijuana, drug paraphernalia, Ro's

---

[1] In his petition, Ro makes reference to a fourth charge, "possession [of a] firearm in relation to [a] drug trafficking crime," that was dismissed. ECF No. 135, at 1. The Court is unable to discern any such charge on the record or in any indictment.

wallet, .45–caliber cartridges, nine-millimeter bullets, and a firearm magazine in the master bedroom, as well as a gun holster in the kitchen and a .45–caliber handgun in the top drawer of a filing cabinet in the garage.   ECF No. 41, at 2.   The Government charged Ro under 18 U.S.C. § 922(g)(1) for possession of a firearm after a felony conviction, 18 U.S.C. § 922(k) for possession of a firearm with an obliterated serial number, and 21 U.S.C. § 841(a)(1) for possession with intent to distribute marijuana.   ECF No. 38.   The case proceeded to a six-day jury trial in November 2009 and concluded with a guilty verdict on all counts.   ECF Nos. 67, 71. On April 6, 2010, this Court entered a Judgment sentencing Ro to a ninety-month term of imprisonment, followed by four years of supervised release.   ECF No. 98.

The Fourth Circuit affirmed this Court's verdict and sentence on January 10, 2012, *United States v. Meehwan Ro*, 465 F. App'x 217 (4th Cir. 2012), and Ro filed a timely motion pursuant to § 2255 seeking to set aside, correct, or vacate his sentence on November 13, 2012, ECF No. 120.   The Government responded in opposition on March 18, 2013, ECF No. 127, and Ro filed four supplements or replies in support of his motion on February 28, 2013,[2] April 22, 2013, and June 21, 2013, ECF Nos. 126, 132, 135.

## DISCUSSION

Under § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."   28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).   If the § 2255 motion, along with the files and records of the

---

[2] This filing was docketed on February 28, 2013 as Civil Action No. RWT 13-0630—a separate habeas petition under 28 U.S.C. § 2255.   ECF No. 126.   The Court shall, instead, construe this filing as a supplement to Meehwan Ro's original § 2255 petition, filed on November 13, 2012 and docketed as Civil Action No. RWT 12-3340, to be addressed herein.

case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. *Id.* Ro presents three primary arguments that he believes are proper grounds for relief pursuant to § 2255: the constitutionality of the statutes under which he was convicted, the jurisdiction of this Court over his case, and ineffectiveness of counsel. ECF No. 120. The Court finds that all of these arguments either have no legal basis or are procedurally barred.

## I.   Ro's constitutional claims are procedurally barred because he neither raised them on direct appeal nor established cause, prejudice, or actual innocence.

All of Ro's claims, aside from ineffectiveness of counsel, are procedurally barred because (1) he did not raise them on direct appeal and (2) he has failed to establish cause, prejudice or actual innocence in order to prevail over his procedural default. First, Ro alleges that Congress did not pass the statutes under which he was convicted and that they are, therefore, unconstitutional. ECF No. 120, at 2–3. Ro further alleges that given the unconstitutionality of the statutes, the Court had no authority to convict him or to sentence him to imprisonment. *Id.* at 3. Second, Ro asserts that the Court had neither the territorial nor subject matter jurisdiction to hear his case. *Id.* at 4–5; ECF 126, at 4; ECF No. 132, at 2. Finally, Ro claims ineffectiveness of counsel because his attorney did not raise these arguments at trial.[3] ECF No. 120, at 5; ECF No. 126, at 4–5. Ro could have, but failed to raise his claims on appeal, and all of them, aside from ineffectiveness of counsel, are constitutional claims.

As a general rule, claims not raised on direct appeal are procedurally defaulted on habeas review. *United States v. Frady*, 456 U.S. 152, 165 (1982). Collateral attack is not a substitute for appeal. *Id.* For constitutional claims, a petitioner may surmount procedural default if he can

---

[3] Ro claims that his counsel should have filed a Rule 12(b)(6) motion "for failure to state a claim" on his behalf before trial began. *See* ECF No. 132, at 1; ECF No. 126, at 5. Rule 12(b)(6) governs a motion that may be brought in a civil suit, not a criminal one. Therefore, it would have been procedurally barred during trial and cannot receive consideration in a § 2255 petition.

demonstrate both cause and prejudice or actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 275 (4th Cir. 2010); *Bousely v. United States*, 523 U.S. 614, 621 (1998). A nonconstitutional claim must additionally be "a fundamental defect which inherently resulted in a complete miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

Cause "turn[s] on whether the prisoner can show that some objective factor external to the defense" impeded compliance with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Furthermore, a defendant can only establish actual prejudice when "the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). If cause and prejudice are not demonstrated, Ro may only overcome procedural default by establishing "actual innocence" meaning "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 615 (1998). For the Court to entertain the collateral attack, a defendant must press beyond mere declarations and prove innocence "by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

Ro provides no justification for failing to raise his constitutional claims on direct appeal. He presents no external factor to the defense that impeded compliance and simply declares that his defense counsel is at fault for not considering or raising these constitutional claims. ECF No. 120, at 5. However, prior counsel's "failure to consider" an "argument is insufficient to constitute cause" for a procedurally defaulted claim. *Rose v. Lee*, 252 F.3d 676, 687–88 (4th Cir. 2001) (applying the *Murray* standard for "cause"). Even if Ro could establish cause, he does not prove that the omission of these contentions actually or substantially disadvantaged him or his case. As a matter of law, asserting frivolous and meritless statutory and jurisdictional

claims cannot establish actual prejudice because these claims would not have materially affected the outcome of the case or the severity of the sentence.  *See infra* Section II.

Aside from these arguments, Ro does not even attempt to present new or factual evidence in his § 2255 petition that demonstrates his actual innocence.  Ro has not established cause, prejudice, or actual innocence required to overcome his procedural default; therefore, all of his claims, aside from ineffectiveness of counsel, are procedurally barred.

## II.     Ro's claims regarding the constitutionality of the statutes under which he was convicted and the jurisdiction of this Court over his case are meritless.

In addition to being procedurally barred, Ro's constitutional claims are unfounded and meritless.  Ro argues that the statutes under which he was convicted were not enacted appropriately by Congress, and are therefore unconstitutional.  ECF No. 120, at 2–3.  Based on this assertion, Ro deduces that the Court did not have jurisdiction[4] over his case or the authority[5] to convict and imprison him.  *Id.*  The Court convicted Ro under 18 U.S.C. § 922(g)(1) for possession of a firearm after a felony conviction, 18 U.S.C. § 922(k) for possession of a firearm with an obliterated serial number, and 21 U.S.C. § 841(a)(1) for possession with intent to distribute marijuana.  ECF No. 38.  Congress passed all three of these statutes, and the Office of the Law Revision Counsel of the U.S. House of Representatives maintains and publishes them under the United States Code.  All three laws remain current, valid, and constitutional.

---

[4] Ro claims that the indictment is "devoid of a 'specific location'" and therefore outside the territorial jurisdiction of the Court.  ECF No. 120, at 4.  However, the indictment clearly states that the charged crimes occurred in the District of Maryland, ECF No. 38, and the criminal complaint clearly states that the location of the charged crimes occurred at Ro's residential address: 11702 Hill Terrace, Bowie, Maryland.  ECF No. 1, at 1–2.  The Court considers this sufficient for determining specific location to satisfy its territorial jurisdiction.  *See United States v. Lavender*, 602 F.2d 639, 641 (4th Cir. 1979) (stating that the Court "may take notice of commonly known facts" on the record for adequately establishing a crime "happened within the 'special maritime and territorial jurisdiction of the United States'").

[5] Ro also attempts to assert the flesh-and-blood defense in a correspondence to the Court that included his Maryland Birth Certificate.  ECF No. 126, at 2; ECF No. 126-1.  The flesh-and-blood defense is a challenge to the jurisdiction of courts asserted by criminal defendants based on a fundamental misunderstanding of the Constitution, the Fourteenth Amendment, history, and a bizarre conflation of criminal and civil law.  *See generally United States v. Mitchell*, 405 F. Supp. 2d 602, 603–06 (D. Md. 2005).  The defense has been rejected everywhere it has been put forth, grounded as it is in nonsense.  *Id.* at 604–05.

Congress enacted two pieces of legislation that later comprised § 922(g)(1).  First, in June 1968, Congress passed the Omnibus Crime Control and Safe Streets Act (OCCSSA). Pub. L. 90-351, 82 Stat. 197 (1968).  Then in October 1968, Congress passed the Gun Control Act, Pub. L. 90-618, 82 Stat. 1213 (1968), which Congress later amended under the Firearms Owners' Protection Act (FOPA).  Pub. L. 99-308, 100 Stat. 449 (1986) (adding the mens rea term "knowingly" to the statute).  These statutes were reorganized and merged into their current location in Title 18 of the Code.  The Fourth Circuit has consistently upheld that "§ 922(g)(1) is constitutionally valid on its face."  *United States v. Moore*, 666 F.3d 313, 319 (4th Cir. 2012). Also, this statute has repeatedly survived Second Amendment challenges.  *See United States v. Johnson*, 497 F.2d 548, 550 (4th Cir. 1974).

The origins of § 922(k) precede those of § 922(g)(1).  In June 1938, Congress initially enacted it as part of the Federal Firearms Act.  Pub. L. No. 75-785, 52 Stat. 1250 (1938) (repealed 1968).  Congress later reorganized it under the OCCSSA.  82 Stat. 197.  Ro provides no specific challenge to the constitutionality of § 922(k), aside from the method and authority under which it was enacted, and there exists a substantial amount of caselaw upholding this statute.  *See, e.g. United States v. Harris*, 720 F.3d 499 (4th Cir. 2013).  Additionally, § 922(k) has survived repeated constitutional challenges as a valid exercise of Congress's commerce power.  *See United States v. Teleguz*, 492 F.3d 80, 86–87 (1st Cir. 2007); *United States v. Baer*, 235 F.3d 561, 563 (10th Cir. 2000).

The final statute, § 841(a)(1), originated from the Controlled Substances Act, which Congress enacted under Title II of the Comprehensive Drug Abuse Prevention and Control Act. Pub. L. No. 91-513, 84 Stat. 1236 (1970).  The Supreme Court has upheld that this type of illegal-goods "regulation is squarely within Congress'[s] commerce power because production of

. . . marijuana has a substantial effect on . . . the national market for that commodity." *Gonzales v. Raich*, 545 U.S. 1, 2 (2005); *see also Ferrell v. United States*, No. CIV. A. DKC 04-2896, 2010 WL 4183263, at *7 (D. Md. Oct. 22, 2010) (stating that "it is well established that Congress acted within its authority under the Commerce Clause in enacting" the Controlled Substances Act, while denying a post-conviction § 2255 motion).

Congress, under valid authority, properly enacted all statutes under which Ro has been convicted.  U.S. Const. art. I, § 7, cl. 2.  The Constitution recognizes these laws as having authority over Ro via the Supremacy Clause.  *Id.* at art. VI, cl. 2.  The Court exercised its constitutional authority[6] to administer this trial and convict Ro for charges against "Laws of the United States."  *Id.* at art. III, § 2, cl. 1.  Hence, Ro's claims under his post-conviction § 2255 motion regarding the constitutionality of these statutes and the authority of the Court have no legal basis.

### III.    Ro's claim for ineffective assistance fails because he cannot show either that his attorney's performance was deficient or that he was prejudiced.

Ro's assertion of ineffective assistance of counsel does not meet the required criteria under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the performance prong, a defendant must show that counsel's performance was deficient.  *Id.* "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689; *see United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004).  The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

---

[6] Ro's Motion to Take Judicial Notice further challenges the constitutionality of this Court by stating that district courts are "inferior tribunals that ha[ve] not been vested with judicial power."  ECF No. 122, at 2.  Ro's assertion against this long-standing, Congressionally ordained Court is both frivolous and fundamentally flawed.  It is well recognized that judicial power is vested in district courts established by Congress.  U.S. Const. art. III, § 1. Accordingly, the Court will deny this motion.

*Strickland*, 466 U.S. at 689.  The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.  Under the prejudice prong, a defendant must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694.  Unless a defendant makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* at 669.  Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Ro alleges that his defense counsel,[7] by their nature as government-provided attorneys, has a duty to the Court that supersedes and conflicts with their duty to defend Ro.[8]  ECF No. 126, at 5.  However, it is well settled that a public defender, or other government-provided attorney such as a Criminal Justice Act appointment, "does not act 'under color of state law' when providing representation to an indigent client." *Wagstaff v. Maryland*, 567 F. Supp. 1477, 1479 (D. Md. 1983) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).  Therefore, status as a government-provided attorney does not inherently constitute a deficiency of defense counsel's performance.

---

[7] It is unclear from the pleadings who Ro is claiming ineffectiveness of counsel against.  *See* ECF Nos. 120, 126, 132, 135.  During the majority of the trial, Ro's counsel was Michael CitaraManis and Ebise Bayisa.  Prior to sentencing and during appellate review, Ro's counsel was Marc Hall.  In its review of Ro's § 2255 petition, the Court has not distinguished individual counselors, and instead considers the effectiveness of Ro's representation as a whole.

[8] An attorney inquiry hearing took place on February, 2, 2010, which resulted in the assignment of new defense counsel.  ECF No. 87.  The Court is satisfied that the factual basis for that hearing does not meet the standard of an "actual conflict of interest" that "adversely affect[ed] counsel's performance in the defense." *United States v. Tatum,* 943 F.2d 370, 375 (4th Cir. 1991); *see Kratsas v. United States*, 102 F. Supp. 2d 320, 326 (D. Md. 2000), *aff'd*, 9 F. App'x 107 (4th Cir. 2001).

Ro further alleges that his counsel was deficient for not raising arguments that challenged the constitutionality of the statutes under which Ro was being charged and the authority that this Court had over the case.  ECF No. 120, at 5.  As previously discussed, Ro's constitutional claims are meritless, *see supra* Section II, and defense counsel "is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."  *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990).  Furthermore, the record reveals that Ro's counsel provided effective and vigorous representation at every stage of litigation.  Ro's counsel twice successfully moved to modify the condition of Ro's pre-conviction release, ECF Nos. 16, 18, challenged the inclusion of damaging statements and evidence, ECF Nos. 19, 20, and developed mitigation arguments at sentencing based on Ro's social, familial, and medical history, ECF No. 95.  All of these actions were timely and thorough, and each demonstrates a concerted effort and strategic plan.

Other than nebulous claims regarding the legality of government-provided attorneys or the failure to challenge the constitutionality of long-upheld statutes, Ro establishes no definitively unreasonable action or inaction undertaken by his counsel.  Nonetheless, even if Ro had proven ineffective performance, Ro is still not entitled to relief under *Strickland* because he cannot show prejudice—that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Ro has not offered any evidence or argument, beyond his own conclusory statements, regarding what else his defense counsel could have said that would have reasonably resulted in a different outcome at his trial or a more lenient judgment at his sentencing hearing.  *Terry*, 366 F.3d at 316 (stating "conclusory allegations are insufficient to establish the requisite prejudice under Strickland").  Accordingly, defense counsel's performance cannot be considered constitutionally deficient under a Sixth Amendment, post-conviction § 2255 motion.

**CERTIFICATE OF APPEALABILITY**

Ro may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Ro has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Ro's motions to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Meehwan Ro's claims, and thus no certificate of appealability shall issue.

**CONCLUSION**

The Court finds that all of Ro's claims are neither cognizable under § 2255 nor adequate to satisfy the *Strickland* two-prong test establishing ineffective assistance of counsel. Ro's motion will be denied and no certificate of appealability shall issue. Accordingly, it is, this 3rd day of June, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's First Motion to Set Aside, Correct, or Vacate Sentence Under 28 U.S.C. § 2255 (ECF No. 120) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion to Take Judicial Notice (ECF No. 122) is hereby **DENIED**; and it is further

**ORDERED**, that Petitioner's Second Motion to Set Aside, Correct, or Vacate Sentence Under 28 U.S.C. § 2255 (Civil Action No. RWT-13-0630, ECF No. 126), herein construed as a supplement to the First Motion, is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close both Civil Action No. RWT-12-3340 and Civil Action No. RWT-13-0630.

/s/
_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
